UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

GREGORIO DE LEON RIVERA
MONIQUE MAISONET ROVIRA                    CASE NO. 12-08649-ESL

                                           CHAPTER 13

DEBTOR

---

## TRUSTEE'S OPPOSITION TO MOTION FOR ALLOWANCE OF PROOF OF CLAIM (DKTS.79)

TO THE HONORABLE COURT:

Comes now, Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned counsel and very respectfully states and prays:

1. The present case was filed on **October 10, 2012,** see docket no. 1. The last day to file non-governmental proof of claims was **February 28, 2013** and for governmental claims was **April 29, 2013,** see dkt 6.

3. On **October 17 2013, (approximately 245 days <u>after</u>** the bar date for non-governmental claims had elapsed) creditor "Correa Tire Distributors" filed proof of claim number 10 in the amount of $4,125.60. See POC 10.

4. On **November 1, 2013,** the Trustee filed a timely objection to the aforementioned proof of claims grounded upon the fact that pursuant to FBRP 3002(c), the time for filing a proof of claim had transpired.

5. This Honorable Court granted the Trustee's Objection on December 13, 2013. Soon thereafter, on December 24, 2013 creditor "Correa Tire Distributor" filed a motion requesting that it be allowed to file its unsecured claim alleging that they were not duly notified. In essence Creditor avers that the debtor had failed to include its correct address and thus they

Trustee's opposition
Case No. 12-08649-ESL
Page 2

allege not being notified. However, creditors' motion **also** fails to provide the details on which is the correct address. In fact, as per the disallowed proof of claim number 10, the address that appears therein as being of creditor, is also the same address that debtor included in schedule "F" and the address the bankruptcy notice was sent to. (See below and see Docket 1 [schedule "F"], see <u>docket 7</u> [certificate of service] and see proof of claim number 10). (Below partially illustrated)

Case:12-08649-ESL13  Doc#:7  Filed:11/02/12  Entered:11/03/12 01:33:22  Desc: Imaged
Certificate of Notice  Page 1 of 4
United States Bankruptcy Court
District of Puerto Rico

In re:
GREGORIO DE LEON RIVERA                          Case No. 12-08649-ESL
MONIQUE MAISONET ROVIRA                          Chapter 13
        Debtors

                    **CERTIFICATE OF NOTICE**

District/off: 0104-3      User: admin       Page 1 of 2        Date Rcvd: Oct 31, 2012
                          Form ID: b9i      Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 02, 2012.
db/jdb      +GREGORIO DE LEON RIVERA,  MONIQUE MAISONET ROVIRA,  URB SAN RAFAEL ESTATES II,
             201 CALLE LIRIO,  BAYAMON, PR 00959-4178
aag          DEPARTAMENTO DE HACIENDA,  PO BOX 9024140,  OFICINA 424-B,  SAN JUAN, PR  00902-4140
aag          FEDERAL LITIGATION DEPT. OF JUSTICE,  PO BOX 9020192,  SAN JUAN, PR  00902-0192
aag          PR DEPARTMENT OF LABOR,  PRUDENCIO RIVERA MARTINEZ BLDG,  505 MUÑOZ RIVERA AVENUE,  12 FLOOR,
             SAN JUAN, PR  00918
3571937     +ACADEMIA SANTO TOMAS DE AQUINO,  PO BOX 1968,  BAYAMON PR 00960-1968
3571939     +ASOCIACION PROPS SAN RAFAEL ESTATES,  PO BOX 1043,  SABANA SECA PR 00952-1043
3571940      ATT,  PO BOX 192385,  SAN JUAN PR  00919-2385
3571941      BANCO POPULAR DE PUERTO RICO,  PO BOX 3229,  SAN JUAN PR  00936
3571942      BP-CRLINK,  PO BOX 2708,  SAN JUAN PR  00936
3571943     +CITIFINANCIAL,  300 SAINT PAUL PL,  BALTIMORE MD 21202-2120
              GREGORIA FAMILIA,  PO BOX 192,  COMCARB PR  00985-0192
3571947      CORREA TIRE DISTRIBUTOR,  PO BOX 361582,  SAN JUAN PR 00936-1582

**SCHEDULE F**



| ACCOUNT NO. | | J | Credit Charges | | | | 87.00 |
|---|---|---|---|---|---|---|---|
| Correa Tire Distributor Inc.
PO Box 361582
San Juan, PR  00936 | | | From 6/2009 to 10/2012 | | | | |
| | | | | | | | 4,125.00 |
| ACCOUNT NO. 7556 | | J | 06/2008 to 12/00/2009 | | | | |

**Proof of Claim (10) - Disallowed.**

Name and address where notices should be sent:
P.O. Box 361582
SAN JUAN  PR 00936-1582

As seen above, even creditor in its proof of claim has
included the address disclosed by the debtor, which is **PO BOX
361582 San Juan PR 00936-1582**. Thus, its averment that it has
not been dully notified is incorrect.

Furthermore, also in its motion for allowance of filing a
late proof of claim creditor seems to argue that that the late
filing is permissible pursuant to Fed. R. Bankr. P. 9006(b)(1).
The creditor further raises an "excusable neglect" defense by
citing the Supreme Court case of Pioneer Inv. Servo Corp. V.
Brunswick Ass. Partnership, 507 US 380, 387 (1993).

6.    For the reasons that will be discussed below, the
Trustee hereby opposes to creditor's motion.

### DISCUSSION

7.    Firstly, as stated above the Trustee's objection to
claim was granted, no reconsideration of said order was filed.

8.    In a chapter 13 case, in order to receive distribution
a creditor must file a timely and an allowed proof of claim.

Section 501(a) of the Bankruptcy Code provides that any
creditor may file a proof of claim. Section 502 also provides
that: "(a) A claim or interest, proof of which is filed under
section 501 of this title, is deemed allowed, unless a party in
interest ... objects. (b) ... if such objection to a claim is
made, the court, after notice and a hearing, shall determine the
amount of such claim in lawful currency of the United States as
of the date of the filing of the petition, and shall allow such
claim in such amount, except to the extent that—.... ... (9) proof
of such claim is not timely filed, except to the extent tardily
filed as permitted under ... the Federal Rules of Bankruptcy
Procedure." 11 U.S.C. § 502(a), (b)(9).

9.    In turn, the Federal Rules of Bankruptcy Procedure (herein after, "the Rules") establish the procedural mechanisms as to the application of the above sections. More specifically, the Rules provide the proper procedures to ultimately determine if a proof of claim may be allowed or disallowed or if a claim is to be considered, so as to receive any possible distribution from a debtor's estate.

In its pertinent part, Bankruptcy Rule of Procedure 3002 (a) identifies the necessity for filing. Rule 3002(a) states that: **"an unsecured creditor or an equity security holder must file a proof of claim, or interests for the claim or interest to be allowed, except, as provided in Rules 1019(3), 3003, 3004 and 3005"**(our bold). In order to properly convey the imperative necessity of filing a proof of claim in bankruptcy proceedings, Congress has incorporated the word "must" to the language construction of the Rule. When used as a verb, the word "must" is defined as follows: "1) to be commanded or requested to or 2) to be required by law, custom, or moral conscience to".[1]

10.    Evidently, an interplay of the above sections and rules reveal Congress' intention that for a creditor to exercise its "right to payment", she/he or it has the burden to file a claim. Certainly, it is up to the creditor and/or parties in interest to ultimately decide as to whether or not to file a claim in a particular bankruptcy case even if they have such right. In the context of Chapter 13, if a creditor decides to fulfill its obligation by demonstrating it has a "right to receive payment" in order to be considered for any payments under the terms of a confirmed plan, then, it must file a claim.

11.    Likewise, it is of essence that the claim be filed within the time period provided for in the "Rules". Pursuant

---

[1] http://www.merriam-webster.com/dictionary/must

to Bankruptcy Rule 3002 (c) of Federal Procedure, creditors have until 90 days after the first date set for the meeting of creditors under section 341(a) to file a proof of claim. Governmental units, however, have the benefit of additional time in order to file their claims.

12.   Congress' intent in promulgating the Bankruptcy Rules of Federal Procedure was clear; its main purpose was to "secure the just, speedy, and inexpensive determination of every case and proceeding".    "As a demand made against the estate, a proof of claim must be properly filed within the time limits set by the court so that Congress' objective of finality in bankruptcy cases may be achieved. Hoos & Co. v. Dynamics Corp., 570 F.2d 433, 437-39 (2d Cir.1978)."  In re Solvation, 48 B.R. 670(D.Mass. 1985).

13.   Notwithstanding the strict time limits set forth by the Rules, it appears that Congress envisioned a further guarantee to a party's "right to receive", even if that party's "right" to claim had expired.

14.   Federal Bankruptcy Rule of Bankruptcy Procedure 3004 further provides that in the event that a creditor fails to file a proof of claim, as set out in Rule 3002 (c) and 3003, debtors are then afforded the opportunity, of filing such claims on behalf of their creditors even if a creditor has not filed a timely proof of claim.

15.   Rule 3004 allows debtors an additional thirty (30) days to file a proof of claim on behalf of a creditor that has not done so within the set time period.   Federal Rule of Bankruptcy of Procedure 3004 reads as follows:

"If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for

filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee."

16. As seen above, the language of Rule 3004 permissively gives the debtor the option of filing the claim on behalf of its creditors. If the condition of a creditor not timely filing a claim is met, then the debtor or the trustee may file it on its behalf. "May" is defined as a "choice to act or not, or a promise of a possibility, as distinguished from "shall" which makes it imperative"( ). When contrasted with the mandatory language set out in rule 3002 (which requires a creditor to file a claim), Rule 3004 gives the debtor the option. In other words, the only action that Rule 3004 requires from a debtor is that of deciding if it will or not file that proof of claim, on behalf of creditors.

17. Thus, it is clear that it is the creditor who must file a proof of claim in order to have their "right to payment" from an estate. If a creditor fails to file a claim within the time periods provide for in the rules then it is the debtor who may file it on behalf of a creditor only if the claim is filed within 30 days the expiring of creditor's bar date. If a debtor files a claim on behalf of a creditor **after** the **30 additional days** provided by the rules and the claim is properly objected to, then a creditor (if properly notified as it appears in this case) will not be afforded the opportunity to receive distribution from a confirmed plan, in addition of running the risk of having its claim discharged. In this regard, we highlight the discussion and holdings of an opinion voiced by Honorable Enrique Lamoutte within the Bankruptcy Court for the District of Puerto Rico in the case of In Re Jurado, 318 B.R. 251 (2004). The Court discussed that "a creditor's failure to

timely file a proof of claim may affect its rights under the plan—namely, its ability to participate in the distribution of funds according to the plan. See also 11 U.S.C. § 502(b)(9). "A creditor who elects not to file a claim elects also not to be paid under the plan." In re Branch, 228 B.R. 831, 835 (Bankr.W.D. Virginia 1998), citing In Re Macías, 195 B.R. 659, 662 (Bankr.W.D.Texas 1996). "The principal consequence of failing to file a proof of claim is that the creditor cannot have an allowed claim, and if it cannot have an allowed claim, then it will not be entitled to distributions under the plan." Lundin, § 275.2. (Out bold). In Re Jurado, supra. Furthermore, the Court highlights the importance of filing a proof of claim in order for a creditor (secured or not) to receive distribution. In doing so the Court cites the following "[I]n order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf." Baldridge, 232 B.R. at 396. "[A]bsent a timely proof of claim, a creditor is not entitled to receive a distribution even though the confirmed plan provides for payments on the claim." In the Matter of Zich, 291 B.R. 883, 886 (Bankr.M.D. Georgia 2003)." In Re Jurado, 318 B.R. 251.

18. In the instant case, debtor did not file a proof of claim on behalf of a creditor. It was creditor who untimely filed proof of claim number 10, approximately **245 days after** the bar date had elapsed. Thus, it is our position that they should not be allowed.

19. Furthermore, we now proceed to discuss creditor's argument with respect to the applicability of Rule 9006 (b). More specifically as to the excusable neglect argument raised in its motion at dkt 79. It is the Trustee's position that creditor's argument is also completely erroneous.

20.   Rule 9006 governs computing and extending time periods in bankruptcy cases.   Rule 9006(b)(1) permits extensions of time after the expiration of the specified time period where the failure to act was the result of "excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

21.   As per Rule 9006(b)(3), which in essence states that the court may enlarge the time for taking action under Rule 3002(c) "only to the extent and under the conditions set forth in … Rule 3002(c)."  As seen above, Rule 3002(c)(1),  the last date to file a Proof of claim in the case at bar was **February 28, 2013,** thus, the claim was filed after the expiration to file the claim had elapsed, thus it is the Trustee's position that this Honorable Court is precluded to extend the time to for a creditor or the debtor to file a claim.

22.   Moreover, creditor's excusable neglect argument cannot find any place in chapter 13, as a Bankruptcy Appellate Panel for the First Circuit ruled: "In a chapter 11 case, a court may extend the bar date for filing a proof of claim based upon "excusable neglect," Pioneer Inv. Serv. Co. v. Brunswick Assocs., 507 U.S. 380, 388-89 (1993), **"excusable neglect" is not a valid basis to permit a proof of claim to be filed in a chapter 13 case beyond the time period set forth in Rule 3002(c).** In re Aboody, 223 B.R. 36, 37-39 (collecting cases) (1st Cir.BAP1998); In re Bourgoin, 306 B.R. 442, 444 (Bankr.D.Conn.2004). (our bold).

23.   Thus, in light of the above, this Honorable Court should deny creditor's motion filed at docket 79

26. Debtor(s) is/are not a member of the U.S. Armed Forces, the Coast Guard, the Public Health Service or the National Oceanic and Atmospheric Administration, as evidenced by the Certificate issued by the U.S. Department of Defense, copy of

which is attached only to the original of this motion and movant's copy.

**WHEREFORE**, for the reasons stated above, it is respectfully requested from the Court to DENY Creditor's motion for allowance of proof of claim grant the Trustee's objection as well as grant any remedy it may deem just.

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification of such filing to those registered electronically in this case. I further certify that I have mailed this document by First Class Mail postage prepaid to **debtor** at their mailing address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of January, 2014.

> **ALEJANDRO OLIVERAS RIVERA**
> **CHAPTER 13 TRUSTEE**
> P.O. Box 9024062
> San Juan, PR 00902-4062
> Tel. 977-3500  Fax 977-3521
> aorecf@ch13sju.com
> By: **/s/PEDRO RAFAEL MEDINA HERANNDEZ**
> PEDRO RAFAEL MEDINA HERNANDEZ
> Staff Attorney
> USDC-PR # 226614

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>DE LEON RIVERA</u>
First Name: <u>GREGORIO</u>
Middle Name:
Active Duty Status As Of: <u>Jan-13-2014</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: M6SCQBCC4068R00

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>MAISONET ROVIRA</u>
First Name: <u>MONIQUE</u>
Middle Name:
Active Duty Status As Of: <u>Jan-13-2014</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: X6GCWB7CU0680E0